IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STUART M. LAPLACE | * |
| | * |
| PLAINTIFF | * |
| | * |
| VS. | *   CIVIL ACTION NO. _____ |
| | * |
| ECLIPSE FINANCIAL, LLC, GREGORY J. BARRO, A PROFESSIONAL LAW CORPORATION, AND GREGORY J. BARRO | *<br>*   COMPLAINT AND DEMAND FOR<br>*   A JURY TRIAL |

**COMPLAINT**

I. Introduction

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k, 28 U.S.C. §§ 1331 and 1337.

III. PARTIES

3. Plaintiff, Stuart M. LaPlace, is a natural person residing in the Parish of East Baton Rouge, Louisiana, and is a "consumer" as defined under the Fair Debt Collection Practices Act.

4. Defendant, Eclipse Financial, LLC (hereinafter referred to as "Eclipse"), is a domestic corporation authorized to do and doing business in the state of Louisiana, whose registered agent for service of process is Albert M. Barro, Jr., 400 Travis Street, Suite 1004, Shreveport, LA 71101. Defendant Eclipse, at all times relevant hereto, regularly attempted to collect debts due or alleged to be due another.

5. Defendant, Gregory J. Barro, A Professional Law Corporation (hereinafter referred to as "Barro APLC"), is a professional law corporation authorized to do and doing business in the state of Louisiana, whose registered agent for service of process is Gregory J. Barro, 400 Travis Street, Suite 1006, Shreveport, LA 71101. Defendant Barro APLC, at all times relevant hereto,

regularly attempted to collect debts due or alleged to be due another.

6. Defendant, Gregory J. Barro (hereinafter referred to as "Barro"), is an attorney licensed to practice law in the state of Louisiana, whose office is located at 400 Travis Street, Suite 1006, Shreveport, LA 71101. Defendant Barro, at all times relevant hereto, regularly attempted to collect debts due or alleged to be due another.

## IV. FACTUAL ALLEGATIONS

7. On or about November 30, 2011, Defendants Barro APLC and Barro filed a lawsuit for co-defendant Eclipse (hereinafter collectively referred to as "defendants"), naming plaintiff as the defendant, in the matter entitled "Eclipse Financial, LLC vs. Stuart M. LaPlace a/k/a Stuart Michael LaPlace," Number 11-10907-A, City Court of Baton Rouge, Parish of East Baton Rouge, State of Louisiana (hereinafter referred to as the "lawsuit").

8. This lawsuit was filed in the City Court of Baton Rouge and was attempting to collect a sum of money allegedly due Eclipse on a credit card account, the use of which by plaintiff was solely for personal, family, or household purposes.

9. Eclipse acquired this account while it was in default from a credit card bank, believed to be Chase Bank USA, N.A., which was the previous owner of the account.

10. Eclipse is in the business of purchasing hundreds of defaulted credit card accounts every year and thereafter attempting to collect on them from numerous consumers.

11. Barro and Barro APLC collect or attempt to collect thousands of defaulted debts from consumers on behalf of entities such as Eclipse, and other original creditors, every year.

12. At all times relevant hereto which includes from the time this credit card was opened through the present, plaintiff resided in East Baton Rouge Parish but outside of the city limits of the city of Baton Rouge.

13. Plaintiff did not sign any contract for the credit card account sued upon in the lawsuit in the city of Baton Rouge.

14. After being served with this lawsuit on January 24, 2012, plaintiff contacted Barro and Barro APLC, spoke with an employee named Dorothy Gayle, and notified her that the lawsuit

was filed in the wrong court, and they refused to move the lawsuit to a court which would be the proper venue or dismiss the lawsuit against him, because they claimed it could be filed in the city court of Baton Rouge based upon the amount sued upon.

15. Plaintiff thereafter hired an attorney to defend this suit, which resulted in the lawsuit being dismissed on a declinatory exception of improper venue.

16. As a proximate result of the foregoing acts and omissions of Defendants, plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, extreme mental anguish and suffering, emotional distress, and attorney's fees and costs for defending the lawsuit for which he should be compensated in amounts to be proven at trial.

17. The foregoing acts and omissions of Defendants constitute violations of the FDCPA, including but not limited to, Sections 1692e, 1692e(10), and 1692i.

18. Plaintiff is entitled to recover actual damages, statutory damages, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against the Defendants for:

    a. Additional damages;

    b. Actual damages;

    c. Attorney fees, litigation expenses and costs; and

    d. Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

BY ATTORNEY:

S/Garth J. Ridge
**GARTH J. RIDGE**
Bar Roll Number 20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number: (225) 343-0700
Facsimile Number: (225) 343-7700
E-Mail Address: GarthRidge@aol.com